DLD-179                                                        **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 21-1192
_____

AMRO ELANSARI,
                            Appellant

v.

MAITE RAGAZZO, (Individual Capacity);
15TH JUDICIAL DISTRICT; CHESTER COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-06170)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Affirmance
May 13, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Amro Elansari, proceeding pro se and in forma pauperis, appeals from an order by the United States District Court for the Eastern District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. Elansari was arrested and convicted in 2015 for various marijuana-related offenses. He was again arrested in 2017 and was sentenced to probation, which he began serving in Centre County, Pennsylvania. At some point in 2018, Elansari moved, and his probation was transferred to Chester County, Pennsylvania. Elansari alleged that after he moved, defendant Maite Ragazzo, a Chester County probation officer, told him that the office was going to continue to drug test probationers regardless of Pennsylvania's 2016 law legalizing the use of medical marijuana. Elansari states that he moved to Philadelphia because of this conversation.

In December 2020, Elansari filed a complaint under 42 U.S.C. § 1983 alleging that his equal protection rights were violated by Ragazzo's comments and that the county maintained an unconstitutional policy as to probationers who used marijuana for medical purposes.[1] Elansari seeks declaratory judgment, compensatory and punitive damages, and injunctive relief against Ragazzo, the 15th Judicial District, and Chester County.[2]

---

[1] In June 2020, the Supreme Court of Pennsylvania held that a state parole office's policy of prohibiting probationers from the active use of medical marijuana violated

Counsel for defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Elansari opposed the motion and filed a motion to amend the complaint to add unnamed supervisors to the action. The District Court dismissed Elansari's complaint pursuant to § 1915(e)(2)(B)(ii) explaining that his claims for declaratory and injunctive relief were moot, that the 15th Judicial District and Chester County were entitled to Eleventh Amendment immunity, that Elansari had failed to state an equal protection claim, and that the claim against Ragazzo was time-barred.[3] The District Court denied Elansari's motion to amend his complaint, except to the extent that he moved to strike claims related to comments made by a state court judge, and concluded that further amendment would be futile. Elansari timely filed his notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d

---

Pennsylvania law. Gass v. 52nd Judicial Dist., Lebanon Cty., 232 A.3d 706, 715 (Pa. 2020).

[2] Elansari subsequently filed a state court action against Ragazzo to recover compensatory damages for his move to Philadelphia. He alleged that his filing and court proceedings made the state court judge "furious" and stated that the judge informed him that he was going to report the matter to the Centre County probation authorities. Elansari's § 1983 complaint initially alleged that the state court's actions were impermissible retaliation that violated the Pennsylvania Human Relations Act. Elansari subsequently moved to strike any aspect of his complaint related to the state court proceedings, and the District Court granted the motion.

[3] The District Court also found that it did not have jurisdiction over any state law claims, although those appear to have been dismissed pursuant to Elansari's motion.

3

220, 223 (3d Cir. 2000). Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Elansari is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### III

We agree with the District Court's assessment that Elansari's complaint was insufficient to state a civil rights action against defendants. As the District Court explained, Elansari's claims for unspecified prospective relief against the 15th Judicial District and Chester County were mooted by his move to Philadelphia and the corresponding transfer of his parole, as he "no longer has any present interest affected by [their] polic[ies]." Weinstein v. Bradford, 423 U.S. 147, 148 (1975). Moreover, because Elansari has not alleged that he intends to move back to Chester County or that the parole office has continued its alleged policy following the Pennsylvania Supreme Court's 2020 decision, he cannot demonstrate that the alleged wrong is "capable of repetition yet evading review." Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (capable-of-

4

repetition doctrine is narrow mootness exception that "applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.") (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

We further agree with the District Court that the claims for damages against the Fifteenth Judicial Circuit and Chester County are barred by the Eleventh Amendment. See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.") (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005)); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) ("The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity.").

Additionally, we agree with the District Court that Elansari's allegations regarding defendant Ragazzo's comments failed to establish either a constitutional violation or a plausible equal protection claim. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."). Setting aside Elansari's failure to allege that he obtained a medical marijuana card, the ability to access medical marijuana is not a "right secured by the Constitution or the laws of the United States." Id. (citing Am. Mfrs. Mut. Ins. Co. v.

5

Sullivan, 526 U.S. 40, 49–50 (1999)); see Gonzales v. Raich, 545 U.S. 1, 22 (2005) (Controlled Substances Act provisions criminalizing manufacture, distribution, or possession of marijuana to intrastate growers and users of marijuana for medical purposes did not violate Commerce Clause); United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 490 (2001) (holding that there is no medical-necessity exception to the Controlled Substances Act's prohibitions on manufacturing and distributing marijuana); Raich v. Gonzales, 500 F.3d 850, 866 (9th Cir.2007) (no fundamental right to use marijuana prescribed by a physician to alleviate pain).[4]

We also agree with the District Court that Elansari's claim fails under a traditional theory of equal protection because he has not shown that he obtained a medical marijuana card or, even if he had, that an individual who uses medical marijuana is a member of a protected class. See Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992). Moreover, the District Court correctly determined that Elansari's claim fails under a class-of-one theory because he has not demonstrated that he qualified for or obtained a medical marijuana card, was not charged with violating his probation for using marijuana for medical reasons, and did not allege he was treated differently from other probationers who obtained or intended to obtain a medical marijuana card. See Phillips v. Cty. of

---

[4] This Court has rejected Elansari's arguments in prior cases alleging similar violations of his rights arising out of his use of marijuana. See Elansari v.United States, 823 F. App'x 107, 111 (3d Cir. 2020) (per curiam) (marijuana users are not members of a protected class); Elansari v. United States, 615 F. App'x 760, 762 (3d Cir. 2015) (per curiam) (Elansari unlikely to show success on claim that marijuana prohibition is unconstitutional).

6

Allegheny, 515 F.3d 224, 244 (3d Cir. 2008) (To prevail under a class-of-one theory, plaintiff bears the burden of showing he "was intentionally treated differently from others similarly situated . . . and that there is no rational basis for the difference in treatment."). The District Court did not abuse its discretion in denying Elansari leave to amend his complaint where the court aptly evaluated his response to the defendants' motion to dismiss and his proposed amended complaint and concluded that it would not cure the defects from his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[5]

Because the appeal does not present a substantial question, we grant the motion for summary affirmance and will affirm the judgment of the District Court.

---

[5] The District Court also correctly determined that the claims against Ragazzo were time-barred and that Elansari did not raise a particularized claim against the unknown supervisors alleged in his proposed amended complaint. Elansari's state law claims were dismissed upon Elansari's own motion to strike, given that the claims were rooted in the dismissed allegations.